## CIRCUIT COURT OF SCOTT COUNTY

Commonwealth of Virginia
ex rel. Scott County
Department of Social Services

v.

Danny Anderson,
Mary Anderson,
and Tonya Marie Anderson

July 9, 1984

Cases No. J-2181 and J-2182

By JUDGE S. W. COLEMAN, III

The above case involves a petition filed June 18, 1982, which seeks permanently to terminate the parental rights of Mary Anderson and Danny Anderson to their infant daughter, Tonya Anderson, (date of birth June 7, 1980) pursuant to the provisions of § 16.1-283. Custody of the child and another sibling was brought before the courts on a petition initially filed by the mother, Mary Anderson on July 14, 1981. Thereafter, on September 24, 1981, a representative of the Department of Public Welfare filed a second petition alleging neglect of the child and indicating that custody between the estranged parents and the Department of Public Welfare was at issue. The file contains various reports of home studies and agency evaluations which were periodically prepared and submitted to the courts from the inception of the case up until the present, all of which have been reviewed and considered by the court. By order entered October 21, 1981, the Juvenile and Domestic Relations District Court awarded custody to the Department of Public Welfare for foster care placement and for the development of a service plan for the father, Danny Anderson, since Mrs. Anderson had deserted the children when Tonya was nine months old

and was estranged from the father. The child was actually placed in foster care on October 12, 1981, and has remained there ever since. The Department's initial plan submitted to the court on December 21, 1981, had as its goal return of the child to the father and provided for the furnishing of services to implement that plan.

After attempting to care for Tonya when Mrs. Anderson first abandoned the child, the father was unable to do so and on May 10, 1982, signed a permanent entrustment agreement for his son and indicated a willingness to do so for Tonya. On June 15, 1982, approximately eight months after the child had been in foster care, the Department filed a petition seeking to terminate parental rights and for placement of the child for adoption pursuant to § 63.1-56 of the Code. On September 2, 1982, both Danny C. Anderson and Mary K. Anderson executed permanent entrustment agreements providing for permanent surrender of Tonya M. Anderson, which agreements included a provision that the same could be revoked at any time prior to the child's placement in the home of adoptive parents. By order entered February 9, 1983, the Juvenile and Domestic Relations District Court found upon clear and convincing evidence that the neglect and abuse suffered by the child presents a serious and substantial threat to her life, health or development and it is not reasonably likely that such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to her parent or parents within a reasonable period of time. Also, the court found that the parents, without good cause, have been unwilling or unable within a reasonable period to remedy substantially the conditions which led to the child's foster care placement, notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to such end. Based on such findings, by the same order of February 9, 1983, the court ordered the permanent termination of residual parental rights, commitment of the child to the Department of Public Welfare of Scott County and permanent plans for the placement of the child. From that order Mary K. Anderson noted her appeal to the Circuit Court and seeks to revoke her entrustment agreement and surrender of Tonya M. Anderson. Although no notice of appeal appears in the file on behalf of Danny K. Anderson, the case proceeded · here upon the issue being considered

as to whether his residual parental rights as to Tonya should be terminated.

In the Circuit Court, at least four hearings have been scheduled and held to receive additional evidence in these proceedings. Evidence was received at two of those proceedings, at both of which Mary Anderson appeared and was represented by counsel actively opposing termination of her parental rights and testifying as to her desire, willingness and efforts to remedy the conditions which led to foster care placement and to provide suitable parental supervision of the child. Mary Anderson has failed to attend either of the last two hearings, without good cause, and at the last hearing on June 25, 1984, submitted through counsel a written statement that she no longer desires to contest the petition to terminate permanently her parental rights. Danny Anderson has failed to attend any of the hearings and his whereabouts are apparently unknown; his attorney has appeared and participated in the hearings at the direction of the court.

Neither parent seriously contests that the record is sufficient to establish by clear and convincing evidence that from shortly after the birth of Tonya on June 7, 1980, up until her placement in foster care on October 21, 1981, that she suffered neglect and abuse which presented a serious and substantial threat to her life, health or development as defined in § 16.1-283(B) of the Code. However, relying upon *Weaver v. Roanoke Dept. of Human Res.*, 220 Va. 921, 929 (1980), Mary Anderson contests the finding pursuant to Section 16.1-283(B)(2) that it is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated within a reasonable period of time, particularly since she has not been provided appropriate, available and reasonable rehabilitative efforts on the part of social, medical, mental health or other rehabilitative agencies designed to reduce, eliminate or prevent the neglect or abuse of the child. As to whether the Department has provided all rehabilitative services that were at its disposal and could have been made available is debatable; however, the record indicates that of those services provided, Mary Anderson frequently failed to take advantage of the services or keep her scheduled appointments. She did not, without good cause, properly respond to those services which the Department sought to provide her in an effort to

202

reduce, eliminate or prevent the continued future neglect or abuse of the child. Her psychological evaluation suggests that it is reasonably unlikely that she will be able to deal with her problems that led to the neglect so as to substantially correct or eliminate the conditions within a reasonable period of time. Her current actions in abandoning her efforts to retain her parental rights supports the evaluation of her emotional situation being such that she cannot adequately deal with the situation over an extended period of time or that she could function adequately as a parent. Accordingly, the court is of the opinion and finds, based upon clear and convincing evidence, that it is not reasonably likely that the conditions which resulted in such neglect or abuse can be substantially corrected or eliminated so as to allow the child's safe return to her parent, Mary Anderson, within a reasonable period of time and her residual parental rights shall be terminated.

As to the parental rights of Danny Anderson, for even more compelling reasons his parental rights shall be terminated. Based on clear and convincing evidence his parental rights shall be terminated pursuant to Section 16.1-283(B)(2) and (C)(1). Pursuant to Section 16.1-283(A) custody of Tonya Anderson shall remain with the Department of Public Welfare of Scott County, the residual parental rights of Mary K. Anderson and Danny E. Anderson shall be terminated and the Department shall have the authority to place the child for adoption and consent thereto.